FILED
2020 Mar-24  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TERRELL ADAMSON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **V.** | ) | |
| | ) | |
| **CWI, INC. d/b/a CAMPING WORLD,** | ) | **JURY DEMAND** |
| **INC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT**

## I.   INTRODUCTION

1.   This is an action for declaratory judgment, equitable relief and money damages,
instituted to secure the protection of and to redress the deprivation of rights
secured through Title VII of the Civil Rights Act of 1964, as amended,
including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and through
42 U.S.C. Section 1981.

## II.   JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331,
1343, 2201 and 2202. Venue is proper in the Northern District of Alabama
under 28 U.S.C. §1391(b), and the Southern  Division pursuant to Title VII's

choice-of venue provision, 42 U.S.C. § 2000e-5(f).

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff also timely filed his lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the EEOC.

## III.   PARTIES

4.      Plaintiff, Terrell Adamson, (hereinafter "Plaintiff") is an African-American man, a citizen of the United States, and a resident of the State of Alabama.

5.      Defendant, CWI, Inc., d/b/a Camping World, Inc., (hereinafter, "Defendant") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## IV.   FACTS

6.      Plaintiff is an African American man who worked for Defendant as a Professional Product Specialist Advisor from October 8, 2018 until Defendant fired him on July 5, 2019.

7.      Defendant is a corporation that operates around one hundred and twenty (120) retail/service locations in about thirty-six (36) states.

8.      Defendant sells, services and provides parts and supplies for recreational

vehicles (RVs).

9.    Plaintiff was hired by Tondrea Avans, a white female and the Retail Manager for the Anniston location of Defendant.

10.    After Plaintiff was hired, Ms. Avans was relocated to another store. She was temporarily replaced as the Retail Manager by Lee Bradshaw, a white male. Plaintiff reported to Mr. Bradshaw for a time until Adam Compton became the permanent Retail Manager at that location. Thereafter, Plaintiff reported to Mr. Compton.

11.    The General Manager of the Anniston location was Greg Robinson, the Service Manager was Elua Campbell, and the Regional Marketing Director was Meghan Woodruff.  All of these managers are white.

12.    During Plaintiff's employment he was the only African American working in the office, and there were no African Americans working in management or Human Resources.

13.    Plaintiff's job consisted of sitting behind the counter and using his computer and telephone to serve customers who came into the Anniston, Alabama location needing installable parts, such as parts for washer, dryers,  air conditioners and other RV parts.

14.    Plaintiff performed his job well during his employment, and he received praise

for his work.  For example, in June 2019 Regional Marketing Director Woodruff sent Plaintiff an email letting him know how well he was doing in his position and stating that his numbers were good.

15.   During his employment Plaintiff received thirteen (13) Certificates of Completions awarded by Defendant, showing he was learning the particulars of Defendant's business and progressing.

16.   Plaintiff completed college and went on to acquire an MBA in 2009.

17.   Since Plaintiff began working for Defendant he had been trying to advance to higher level positions, some of which are detailed in the following paragraphs.

18.   On February 19, 2019, Plaintiff applied for a promotion within the service department by submitting his resume to Regional Director of Service, Dan Little.

19.   On February 24, 2019, Plaintiff applied online for a promotion to Retail General Manager 19-4367 .

20.   On March 22, 2019, Plaintiff applied online for a promotion to Operations Specialist 19-5297.

21.   On March 22, 2019, Plaintiff applied online for a promotion to Store Manager 19-5407.

22.   On April 12, 2019, Plaintiff applied for a promotion to Retail Manager by

submitting his resume to General Manager Robinson.

23.   On April 13, 2019, Plaintiff applied for a promotion to a leadership position by submitting his resume to Retail Manager Lee Bradshaw, who was temporarily in charge of Plaintiff's location.

24.   On April 26, 2019, Plaintiff applied online for a promotion to RV Sales Manager 19-6393.

25.   Defendant failed to consider Plaintiff for any of these positions for which he had applied and failed to interview him.

26.   Defendant  promoted or hired white employees into each of those jobs that Plaintiff applied for that were filled.

27.   Defendant failed to consider Plaintiff for promotion because of his African American race.

28.   Defendant failed to promote Plaintiff because of his African American race.

29.   Defendant's articulated reasons for failing to promote Plaintiff are false and/or a pretext for discrimination. And, in the alternative, even if Defendant had legitimate reasons for failing to promote Plaintiff, race discrimination remained at least a motivating factor in Defendant's failure to promote Plaintiff.

30.   But for Plaintiff's African American race Defendant would have promoted him.

31.   On July 4, 2019, Plaintiff was physically and verbally attacked by a white

customer in the parking lot around 3:30 p.m., and this entire attack was recorded on Defendant's security video cameras.

32.  Plaintiff responded to this attack from the customer by calling the police to the scene and informing them what happened.

33.  Later that day, Retail Manager Compton sent Plaintiff home from work because of the alleged altercation.

34.  The next day, July 5, 2019, Plaintiff met with Regional Marketing Director Woodruff, and explained what had happened the prior day with the customer attack.

35.  Plaintiff made it clear to Regional Marketing Director Woodruff that he had not done anything to provoke the customer or escalate a conflict with the customer.

36.  However, Regional Marketing Director Woodruff terminated Plaintiff that day, despite the clear evidence Plaintiff had done nothing wrong or in violation of Defendant's policies or procedures.

37.  Defendant replaced Plaintiff with a white man named Tyler Adcock, who was a part time employee at the time and had just completed high school.

38.  White employees engage in similar conduct to what Defendant alleges Plaintiff did, but those white employees are not terminated.

39.  In particular a white Sales Manager named Danny Quebedeaux verbally

6

attacked a customer in the parking lot and then inside the building. Mr. Quebedeaux also reported to Plaintiff's General Manager, Greg Robinson. Defendant did not terminate Mr. Quebedeaux.

40. The Collision Advisor, Hayden Steinberg, who is also white, had a heated verbal altercation with an older couple in the parking lot. Mr. Steinberg also reported to General Manager Greg Robinson. Defendant did not fire Mr. Steinberg.

41. Upon information and belief, after Plaintiff's termination, Retail Manager Compton was demoted to an internet sales job for making a racial comment at work.

42. Plaintiff applied for unemployment compensation which was initially denied based upon false representations made by Defendant. However, Plaintiff appealed that decision, and a hearing was held, and the Hearing Officer reversed that determination denying Plaintiff benefits and issued a finding in Plaintiff's favor granting him his unemployment benefits.

43. Defendant fired Plaintiff because of his African American race.

44. Defendant's articulated reasons for terminating Plaintiff are false and/or a pretext for discrimination. And, in the alternative, even if Defendant had legitimate reasons for terminating Plaintiff, race discrimination remained at

least a motivating factor in the termination decision.

45.   But for Plaintiff's African American race Defendant would not have terminated him.

## V.   CAUSES OF ACTION

## COUNT I – RACIAL DISCRIMINATION – DENIAL OF PROMOTION

46.   Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

47.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

48.   During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by failing to promote him numerous times which constitutes a adverse employment actions against Plaintiff.

49.   Defendant failed to consider Plaintiff for promotion to higher paying positions and instead interviewed less qualified white candidates for those jobs.

50.   Defendant failed to select Plaintiff for promotion to higher paying positions and instead selected less qualified white employees over Plaintiff for those positions.

51.   Defendant's articulated reasons for failing to promote Plaintiff are not

legitimate.

52.    Plaintiff may prevail under a mixed-motive theory, as even if Defendant had other legitimate reasons for failing to promote Plaintiff, race discrimination remained at least a motivating factor for failing to promote him.

53.    But for Plaintiff's African American race Defendant would have promoted him.

54.    Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

55.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is his only means of securing adequate relief.

56.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT II — RACIAL DISCRIMINATION – TERMINATION**

57.    Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

58.    During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by terminating him which constitutes an adverse employment action against Plaintiff.

9

59.    Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating him, race was at least a motivating factor in the adverse employment actions Defendant took against him, up to and including termination.

60.    But for Plaintiff's African American race Defendant would not have terminated his employment.

61.    Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

62.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

63.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.    DAMAGES

64.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq*., 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

2.   Grant Plaintiff reinstatement into the position he would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3.   Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating him into the position he would have occupied in the absence of race discrimination or awarding him front pay, awarding him back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages,

punitive damages and post judgment interest.

4.     Plaintiff further prays for such other relief and benefits as the cause of justice

       may require, including, but not limited to, an award of costs, attorneys' fees,

       and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,


 /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
CWI, INC. d/b/a Camping World
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

12